UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL K. JONES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:16-cv-01592-WTL-MJD ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**Entry Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Petitioner Michael Jones and the United States of America have filed a stipulation regarding his motion for relief from the judgment in Jones's criminal matter, 1:13-cr-0050-WTL-TAB-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

Jones was convicted in this Court on June 24, 2014, of being a felon in possession under 18 U.S.C. § 922(g)(1) and 924(c) and was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 180 months to be followed by a 5-year term of supervised release. The three predicate violent felonies giving rise to Mr. Jones's status under the ACCA were a battery resulting in bodily injury in Delaware County, Indiana, dealing cocaine in Delaware County, Indiana, and residential entry in Delaware County, Indiana.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional. *Johnson*, 135 S. Ct. 2551. Subsequently, the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive. *Welch*, 136 S. Ct. at 1257.

The parties agree that Jones's residential entry conviction was considered a violent felony based upon the residual clause of the ACCA. The parties further stipulate that Jones therefore does not have a sufficient number of prior convictions for ACCA status. Upon review of the underlying facts of the case, the parties agree that the sentence imposed in this case was illegal in that it exceeded the otherwise applicable statutory maximum penalty of 10 years incarceration and three years of supervised release, under 18 U.S.C. § 922(g)(1). Finally, the parties have stipulated that a sentence of 74 months and a 2-year term of supervised release is sufficient, but not greater than necessary in this matter.

The Court agrees that Jones's previous sentence was unconstitutional and that a reduction is necessary pursuant to *Johnson* and *Welch*. The Court concludes that the parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to 74 months to be followed by a 2-year term of supervised release. A Judgment and Commitment in the associate criminal matter shall be forthcoming. Judgment consistent with this Order shall issue in this matter.

The clerk shall docket this Entry in the criminal case, *United States v. Jones*, **1:13-cr-50-WTL-TAB-1**.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 4/11/17

Distribution to all electronically registered counsel